UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 90-CR-20-pp |
| Plaintiff, | |
| v. | |
| JOSEPH ROGER KOLLER, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 106)**

On November 28, 1990, Judge Terence T. Evans sentenced the defendant to serve twenty-seven years in the custody of the Bureau of Prisons, followed by a term of five years of supervised release.

On June 13, 2016, the defendant filed a motion asking the court to terminate that supervised release term two years short of its completion. Dkt. No. 106. The motion indicates, generally, that the defendant did well during his years in custody, and that since his release in July 2013, he has been going to church, spending time with his family, and trying to start a business. Id. at 2. He indicates that he no longer leads a criminal lifestyle, and has had no problems while on supervised release. He also argues that, at 69 years old, he suffers from a number of health problems which guarantee that he is "not going to be a threat to society." Id. at 2. The defendant states that the reason he wants to be terminated from supervised release early is that he wishes to vote in the upcoming November 2016 presidential election. Id. at 1-2.

1

The government neither supports nor opposes the defendant's motion. Dkt. No. 109. The government points out, however, that the defendant's criminal history prior to his conviction in this case was a serious one, including a violent sexual assault while a member of the Outlaws motorcycle gang. Id. at 2. The government also points out that the defendant's letter does not provide any proof that he has "done anything extraordinary to warrant early termination." Id.

The Seventh Circuit has held that it is within the district court's discretion as to whether to terminate a defendant's supervised release early. United States v. Lowe, 632 F.3d 996, 997-98 (7th Cir. 2011). See also United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). Section 3583(e)(1) of Title 18 states that a district court may exercise that discretion "at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The Seventh Circuit has advised that a district court should consider the factors 18 U.S.C. §3553(a) in deciding whether to exercise that discretion. Lowe, 632 F.3d at 998.

Section 3553(a) lists the following factors:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed—

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

2

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

\* \* \* \* \*

(5) any pertinent policy statement—

\* \* \* \* \*

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The only "policy statement" provided in the guidelines with reference to early termination of supervised release appears in Application Note 5 to U.S.S.G. §5D1.2, which states as follows:

> Early Termination and Extension.—The court has authority to terminate or extend a term of supervised release. See 18 U.S.C. § 3583(e)(1), (2). The court is encouraged to exercise this authority in appropriate cases. The prospect of exercising this authority is a factor the court may wish to consider in determining the length of a term of supervised release. For example, the court may wish to consider early termination of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successfully completes a

3

treatment program, thereby reducing the risk to the public of further crimes of the defendant.

With regard to the statutory factors in §3553(a), the court notes that the nature of the defendant's crime of conviction was serious. The defendant was convicted of one count of conspiracy to distribute in excess of 500 grams of cocaine; four counts of distribution of cocaine; one count of possession of cocaine with intent to distribute; one count of money laundering; and one count of being a felon in possession of a firearm. The history and characteristics of the defendant prior to being convicted on this offense also were quite serious, as the government points out—several weapons offenses, a battery, a burglary, aggravated battery (involving a bar fight), and the serious sexual assault offense in 1978 (which led to a ten-year sentence; he committed the instant offenses while on parole for that offense).The defendant indicates that his history and characteristics while in custody and since release have been pro-social—working in the prison school and library, taking business classes, working in the Unicor program, and volunteering for projects supporting charity causes. Dkt. No. 106.

The defendant has, as he points out, served many years for his offense of conviction—the sentence Judge Evans imposed took into account the seriousness of the offense, the protection of the public, the need to deter others.

The real question is whether the defendant has identified any fact that would justify early termination, aside from the fact that he has been compliant with the terms of his supervised release to date. In <u>United States v. O'Hara</u>,

4

Case No. 00-cr-170, 2011 WL 4356322 (E.D. Wis. Sept. 16, 2011), another member of this court noted that a defendant needs to show more than the simple fact that he complied with his supervised release terms to justify early termination; "otherwise, every defendant who avoided revocation would be eligible for early termination." Id. at *3. Rather, the O'Hara court indicated, courts "have generally granted early termination only in cases involving new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good." Id. (citations omitted). It is the defendant's burden to show that early termination is justified, and the court may deny the request without holding a hearing. Id.

The defendant has not met his burden to show that early termination is justified. It is good that he has complied with the conditions of his supervised release for the past three years, but that is exactly what everyone placed on supervised release is supposed to do. It is also a good thing that the defendant is working on starting a business; the court lauds the defendant's efforts in that regard. And the court acknowledges that the defendant now, at age 69, has many health issues which likely deter any further criminal conduct, regardless of whether he wanted to engage in that conduct or not.

But the court does not find that any of these circumstances demonstrate that the five-year term of supervised release Judge Evans imposed should be terminated early. The defendant has completed his sentence of incarceration (and occupied himself in pro-social ways while he did so), and is complying with the terms of supervised release. The fact that he would like to participate

5

in what many characterize as an historic presidential election is understandable, but it is not the kind of extraordinary event that justifies early termination, given the seriousness of the defendant's prior criminal history and offense of conviction and the absence of any extraordinary action on his part since.

The court **DENIES** the defendant's motion for early termination of supervised release. Dkt. No. 106.

Dated in Milwaukee, Wisconsin this 18th day of July, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge